UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
IN RE:

MICHAEL MAVASHEV and
MMD TRADE CORP.,

                       Debtor.

Chapter 7
Case Nos.
14-46442 (CEC)
17-44301 (CEC)
(Substantively Consolidated)

------------------------------------------------------X
MATTHEW C HARRISON, JR.,
Chapter 7 Trustee,

                       Plaintiff,

-   against   -

GOLD 7 OF MIAMI, LLC and
YANIV BEN HAMO,
                       Defendants.
------------------------------------------------------X

Adv. Proc. No. 18-01028 (CEC)

## DECLARATION OF JOHN V. GOLASZEWSKI IN OPPOSITION TO TRUSTEE-PLAINTIFF'S MOTION TO COMPEL

**JOHN V. GOLASZEWSKI**, hereby declares, pursuant to 28 U.S.C. § 1746, the following under the penalties of perjury:

1. I am affiliated with the Schiller Law Group, P.C., attorneys for defendants Gold 7 of Miami, LLC and Yaniv Ben-Hamo (collectively, "Defendants") in the above-referenced action. I am fully familiar with the facts and circumstances as set forth herein. I submit this Declaration in opposition to the motion of Trustee-Plaintiff Matthew C. Harrison, Jr.  ("Plaintiff") to compel the production of certain business records of Defendants (Dkt. 17) (the "Motion").

2.	Specifically, the Motion seeks to compel the production of "purchase journals, sales journals, and invoices for the years January 1, 2013 through December 31, 2015" including those relating to:

    i. GIA Certificate No. 132609027-35, a 1.43 carat diamond allegedly valued at $135,850;

    ii. GIA Certificate No.2135988387, a 4.0 carat diamond allegedly valued at $148,750;

    iii. A 3.70 carat diamond.

3.	The Court should deny Plaintiff's transparent, last-ditch effort (made on the eve of a pre-motion conference on Defendants' anticipated motion for summary judgment) to prolong discovery and this case because all documents relating to the specific requests have been produced; Mr. Hamo has testified under oath that this is the case;[1] the Motion is bereft of any evidence that documents sought concerning the three specific diamonds are in Defendants' possession, custody or control, or that Mr. Hamo's testimony is inaccurate; and the general request for purchase and sales journals for a two year period -- which would encompass thousands upon thousands of pages of documents entirely irrelevant to this action -- is the definition of a fishing expedition, which should not be countenanced by this Court.

4.	Defendants having responded in good faith to Plaintiff's discovery requests, and having appeared for a deposition, the onus is on Plaintiff to provide for the court any basis for the apparent position that Defendants are withholding documents. They have failed to do so.

---

[1] Annexed hereto as Exhibit A is a true and correct copy of certain portions of the transcript of the July 2, 2018 deposition of defendant Yaniv Ben-Hamo evidencing that the GIA certificates sought by the Trustee are not in the custody, possession or control of Defendants. Submitted herewith is the March 11, 2019 Declaration of Mr. Hamo wherein he confirms such testimony.

5.      Plaintiff has similarly failed to demonstrate the relevance of two years of sales and purchase journals and invoices, and thus the Motion as to those categories of documents must similarly be denied. *See Allison v. Clos-ette Too, L.L.C.,* No. 14 Civ. 1618(LAK)(JCF), 2015 WL 136102, at *8 (S.D.N.Y. Jan. 9, 2015) ("The burden of demonstrating relevance is on the party seeking discovery."). Let alone meet its burden on relevance, Plaintiff has provided no justification whatsoever for the categories of documents sought in its plainly overbroad, unduly burdensome and harassing general requests.

6.      Indeed, the general requests -- which seek thousands upon thousands of unrelated business records2  over a broad range of dates with little to no temporal proximity to the transactions at issue -- are nothing more than an attempted fishing expedition designed to harass Defendants, prolong discovery, and thus secure some perceived advantage in this case, and an order of this Court should not be used as a tool for such improper purposes. *See In re Biovail Corp. Sec. Litig.*, 247 F.R.D. 72, 74 (S.D.N.Y. 2007) (denying motion to compel nonparty's disclosure of "virtually limitless financial and other information[.]");, *Koch v. Pechota,* No. 10 Civ. 9152, 2012 WL 4876784, at *3 (S.D.N.Y. Oct. 12, 2012) ("[S]ome of Plaintiffs' demands are without limitations as to the relevant period of time or to categories of documents that are material to their action against [the] Defendants."); *Evans v. Calise*, No. 02-cv-8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994) ("The party seeking discovery must make a prima facie showing that the discovery sought is more than merely a fishing expedition.")

7.      Rather that providing this Court with authority for the relief sought, Plaintiff instead baldly demands Defendants locate and produce non-existent documents that may

---

2  Annexed hereto as Exhibit B is a true and correct copy of certain portions of the transcript of the July 2, 2018 deposition of defendant Yaniv Ben Hamo evidencing that defendant Gold 7 of Miami, LLC generates thousand and thousands of invoices each year.

3

hypothetically support the case Plaintiff has been unsuccessfully trying to make against Defendants for nearly a year. This is not the appropriate purpose of a motion to compel. *See, In re Six Grand Jury Witnesses,* 979 F.2d 939, 943 (2d Cir. 1992) (discovery should be limited when it is "sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant, or when the examination is on matters protected by a recognized privilege.").

8.    Finally, Plaintiff alternatively seeks a finding that Plaintiff has met his prima facie burden that the transfers alleged in the Complaint were not supported by fair consideration as required under §§ 544 and 548 of the Bankruptcy Code. This alternative relief is unreasonable, particularly given the patent overbreadth of the requests, Defendants have not acted with willfulness, bad faith or fault that would be required to impose such an extraordinary finding, and Plaintiff has offered no support for such a drastic remedy.

9.    In this case, Plaintiff bears the burden of establishing by a preponderance of the evidence that the transactions amounted to a constructive fraudulent transfer, and must show either that there was not an exchange of fair value or that Defendants did not act in good faith. *See American Inv. Bank v. Marine Midland Bank,* 191 A.D.2d 690, 692, 595 N.Y.S.2d 537, 538 (2d Dep't 1993) ("The burden of proving ... the lack of fair consideration is upon the party challenging the conveyance."); *Silverman v. Actrade Capital, Inc. (In re Actrade Fin. Tech. Ltd.),* 337 B.R. 791, 806 (Bankr.S.D.N.Y.2005) ("under New York law `good faith' is an integral part of the `fair consideration' factor, and the plaintiff bears the burden of proving lack of fair consideration and by inference lack of good faith."). Plaintiff has had months of discovery, from Defendants and third-parties, to meet this burden, and has failed to do so. The answer is not an order prolonging

discovery, or a fishing expedition into years and years of Defendants' unrelated business transactions. The answer is that the Complaint against Gold 7 and Mr. Hamo must be dismissed.

10. For these reasons set forth here, Defendants respectfully request that the Court deny Plaintiff's Motion in its entirety and grant such other and further relief as is just and proper.

Dated: New York, New York
March 11, 2019

/s/ John V. Golaszewski
John V. Golaszewski, Esq.
Schiller Law Group, P.C.
675 Third Avenue, Suite 2400
New York, New York 10017
Tel: (212) 768-8700
Fax: (646) 205-3585
jg@asfirm.com

*Attorneys for Defendants*
