Leo Fox, Esq.
630 Third Avenue, 18th Floor
New York, New York 10017
(212) 867-9595
leo@leofoxlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                          Chapter 7
                                                                Case No. 14-46442 (CEC)
MICHAEL MAVASHEV                                                Case No. 17-44301 (CEC)
and MMD TRADE CORP.,                                            (Substantively Consolidated)

                              Debtors.
-------------------------------------------------------------x
MATTHEW C. HARRISON, JR.,

                              Trustee-Plaintiff,

       -   against   -                                          Adv. Pro. No. 18-01028 (CEC)

GOLD 7 OF MIAMI and
YANIV BEN HAMO,

                              Defendant.
-------------------------------------------------------------X

## NOTICE OF MOTION

*SIRS:*

**PLEASE TAKE NOTICE**, that upon the annexed Application of Matthew C. Harrison, Jr., the Chapter 7 Trustee by Leo Fox his attorney, the undersigned shall move before the Honorable Carla E. Craig, Chief United States Bankruptcy Judge in her Courtroom at the United States Bankruptcy Court for the Eastern District of New York, 271C Cadman Plaza East, Brooklyn, New York 11201 on August 6, 2019 at 2:30 p.m., for an Order assessing sanctions against the Defendants for willfully failing to comply with the Order of this Court dated March 20, 2019 to permit discovery and alternatively granting judgment on the pleadings or determining that the Trustee-Plaintiff has met his *prima facia* case that the transfers alleged in

FoxNAS\Leo\Mavashev\Gold 7 of Miami\Motion for Contempt\Notice of Motion\7-23-19

the Complaint which were made to the Defendants are not supported fair consideration as required under §§ 544 and 548 of the Bankruptcy Code and granting such other and further relief as is proper.

**PLEASE TAKE FURTHER NOTICE**, that answering or opposing papers shall be served and filed so as to be received in accordance with the Local and Bankruptcy Rules.

Dated: New York, New York
       July 23, 2019

                                  Yours, etc.

                                  /s/ *Leo Fox*
                                  Leo Fox, Esq.
                                  Attorney for Chapter 7 Trustee
                                  630 Third Avenue – 18th Floor
                                  New York, New York 10017
                                  (212) 867-9595
                                  leo@leofoxlaw.com

Leo Fox, Esq.
630 Third Avenue, 18th Floor
New York, New York 10017
(212) 867-9595
leo@leofoxlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

MICHAEL MAVASHEV
and MMD TRADE CORP.,

                              Debtors.
---------------------------------------------------------------X
MATTHEW C. HARRISON, JR.,

                        Trustee-Trustee-Plaintiff,

        -  against  -

GOLD 7 OF MIAMI and
YANIV BEN HAMO,

                        Defendant.
---------------------------------------------------------------X

Chapter 7
Case No. 14-46442 (CEC)
Case No. 17-44301 (CEC)
(Substantively Consolidated)

Adv. Pro. No. 18-01028 (CEC)

## DECLARATION OF LEO FOX, ESQ.
## IN SUPPORT OF MOTION FOR CONTEMPT

Leo Fox, Esq., admitted to practice in the Federal and Bankruptcy Courts duly declares under penalty of perjury.

1. I am the attorney for Matthew C. Harrison, Jr., the Chapter 7 Trustee. I make this Declaration in support of the Motion of the Trustee in support of an Order assessing sanctions against the Defendants for willfully failing to comply with an Order to permit discovery of Defendants' purchase invoices, sales invoices and related memoranda, purchase journals, sales journals and general ledgers and lists of inventory, including, but not limited to, the transactions and to the value of the merchandise identified in the Complaint for the period January 1, 2013 through December 31, 2015 (the "Requested Documents") and alternatively granting judgment

on the pleadings or determining that the Trustee-Plaintiff has met his *prima facia* case that the transfers alleged in the Complaint which were made to the Defendants are not supported fair consideration as required under §§ 544 and 548 of the Bankruptcy Code.

## BACKGROUND

## NON-DISCHARGE DECISION

2.   On December 24, 2014, the Debtor, Michael Mavashev, filed a petition under Chapter 7 of the Bankruptcy Code. On August 21, 2017, the Debtor MMD Trade Corp. filed a petition under Chapter 7 of the Bankruptcy Code. The cases were substantively consolidated.

3.   The background has been set forth in the prior Motion of the Trustee seeking an Order to permit discovery. On September 28, 2018, after a trial, the Court denied the Debtor, Michael Mavashev, a discharge under § 727 of the Bankruptcy Code, based upon the failure of the Debtor to keep or preserve records and the Debtor's unsatisfactory explanation of the loss and deficiency of assets to meet the Debtor's liability under § 727(a)(5) of the Bankruptcy Code. In an extensive 14-page Decision (Docket No. 46) (the "Decision"), the Court found that the Debtor failed to maintain sufficient records to ascertain his business transactions (Decision Page 9) finding that the Debtor "kept an incomplete and disorganized collection of invoices, and recorded transactions, in haphazard fashion in his book" (Decision Page 9).

## COMPLAINT AGAINST GOLD 7

4.   The Complaint (*Exhibit A*) in this action summarizes the history of this Defendant's fraudulent activity and cites to 15 separate transactions where the Defendant received merchandise originating from the Debtor during the period May 2014 through February 2015. The Trustee alleges that these transactions resulted in the transfer to the Defendant of merchandise of having a value of at least $1,491,816 for no or inadequate consideration.

5. The Defendant denied the allegations in the Complaint. Trustee-Plaintiff delivered a Second Document Demand (*Exhibit B*) requesting purchase journals, sales journals, list of inventory and invoices relating to the "relevant period" (January 1, 2013 through December 31, 2015) and including specific invoices relating to three (3) separate, specific and identifiable transactions during the period May 2014 through February 2015.

## YANIV BEN HAMO DEPOSITION

6. At the deposition of Yaniv Ben Hamo, principal of the Defendants, held on July 2, 2018, Defendant testified that he never met the Debtor, that he never did any business with the Debtor prior to 2014 (Hamo Tr. Page 44-45), that he did all his purchases from the Debtor through an individual named Alex Davidi located in New York, described as a wholesaler (Hamo Tr. Page 45-49). The Defendant testified that for all transactions pre-2017, the Defendant would place the invoices, both purchase and sales, in folders which were maintained in file cabinets (Hamo Tr. Pages 18, 25-27). Defendant testified that these invoices constituted his records (Hamo Tr. Page 25) (*Exhibit C*).

7. Defendants produced no records with respect to the purchase journals, the sales journals or the invoices related to the above specific transactions. Defendant's attorney objected to the purchase journals, sales journals, general ledgers, inventory and invoices (see emails dated September 4, 2018 – collectively *Exhibit D*). There ensued a series of requests regarding these documents.

8. The specific invoices and the records relate to specific transactions identified in the Complaint and the records will confirm the prices that the merchandise belonging to the Debtor had been sold to the Defendants and the prices that the Defendants sold such merchandise

to third parties, all highly relevant to the core issue of the value of the property that was transferred by the Debtor to the Defendants.

## ALEX DAVIDI DEPOSITION

9. On November 19, 2018, Alex Davidi ("Davidi") testified at his deposition. Davidi also was very evasive about his records and his recollections as was set forth in the Trustee's Motion to this Court dated May 21, 2019 (Docket No. 31). Davidi did provide information about one specific transaction relating to a 1.43 carat diamond which he "purchased" from the Debtor. Although Davidi testified he generally acted as broker for Gold 7 and located merchandise to be sent to Gold 7, in this specific transaction Davidi purchased the 1.43 carat diamond from the Debtor for $75,000 (which had been delivered by a creditor named Ditraco to the Debtor on consignment for $135,850, 55% of its value in August 2014) which was apparently then sold by Davidi at the request of Gold 7 to a customer by the name of Peretz who then allegedly approached Gold 7 after learning of the claim that the diamond had been stolen (Complaint Pars. 28-34, Davidi Tr. Page 93-105) (*Exhibit E*).

10. The Trustee was required to undertake extensive motion practice to obtain any information relating to the values of the merchandise delivered to the Debtor and thereafter transferred by the Debtor to Gold 7. As part of this Court's Order dated March 20, 2019, Trustee-Plaintiff received a series of documents which are numerous but relatively unimportant in determining the basic issue of values of the merchandise that was transferred. Although Davidi does not recall the Easy Pawn transactions (Complaint Pars. 20-22), where a diamond, round 3.07 carats, valued on the pawn ticket at $100,000, was redeemed by "Alex" at Gold 7 (contended by the Trustee-Plaintiff to be Davidi) on June 11, 2014 it appears that Gold 7 "purchased" from EZ Pawn's affiliate, Elegant Jewelry NY Inc., on the same day on June 11,

2014 unidentified "Melee" diamonds totaling 91.96 carats for $52,875. The same date for both transactions as well as the relationship of the pawn broker and Elegant Jewelry NY Inc. would lead to the inference that the invoice was created to substantiate the sale of the round 3.07 carats valued at $100,000 by the pawn broker for a transfer of $52,875 from Gold 7 to the pawn broker.

11. Summarizing, the following schedule represents information obtained by the Trustee of value of merchandise received by the Debtor and the transfers by the Debtor to Gold 7 and the percent of value of the consideration paid for such transfer with respect to each of the specific transactions identified in the Complaint as known as the Chapter 7 Trustee at this point in time.

| **Reference** | **Value of Property Transferred** | **Price sold to Gold 7 at percentage of value** | **Percentage of Value** |
|---|---|---|---|
| | | | |
| Modell<br>Complaint - ¶¶ 14-19 | $319,000 | $175,745 | 55% |
| Easy Pawn<br>Complaint - ¶¶ 20-22 | $100,000 | $52,875 | 53% |
| 11 Separate Transactions<br>Complaint - ¶¶ 23-24 | | $368,402 | |
| Kaufman<br>Complaint - ¶¶ 25-27 | $52,412 | Advertised by G7 for $40,317 | 77% |
| Diatraco<br>Complaint - ¶¶ 28-34 | $135,850 | $75,000 to Peretz | 55% |
| SDIL<br>Complaint - ¶¶ 35-38 | $148,400 | | |

**THE MARCH 20, 2019 ORDER**

12. The Defendants vigorously opposed the Trustee's Motion. At the hearing on the Motion held on March 12, 2019, the Court heard argument and issued an Order dated March 20, 2019 (*Exhibit F*) granting the discovery motion and directing that the Defendants deliver the Requested Documents within 30 days of service of the Order. The Order was served on Defendants' counsel on the same day, March 20, 2019.

## FAILURE TO OBEY COURT ORDER

13. On April 20, 2019, not having received any documents by April 20, 2019, Trustee-Plaintiff requested the Requested Documents. Defendants' counsel indicated a production for the following week.

14. On May 11, 2019, Defendants' counsel provided hundreds, if not thousands, of invoices and other irrelevant documents. These documents reflected that the Defendant, Gold 7, had disbursements and receipts averaging $5,000,000 per month or $60,000,000 per year, a company that would not be able to maintain records under the simple bookkeeping process testified to by Yaniv Ben Hamo.

15. On May 15, 2019, Defendants' counsel advised that Defendants' counsel would be replaced by new counsel in connection with a Stipulation Extending Discovery.

16. On May 23, 2019, after a review of the documents, Trustee-Plaintiff's counsel advised Defendants' counsel that Trustee-Plaintiff's counsel had not received the Requested Documents. Defendants' counsel responded that much of what had been requested had been produced and that there are additional documents to be produced.

17. On May 31, 2019, Trustee-Plaintiff's counsel provided Ms. Rachel Blumenfeld, Defendants' new counsel, with a copy of the Order dated March 20, 2019, signed by this Court, directing the production of the Requested Documents. At the hearing held before this Court on June 4, 2019, Ms. Blumenfeld appeared on behalf of the Defendants, Trustee-Plaintiff's counsel advised the Court that the Requested Documents issue was pending.

18. On June 5, 2019, Trustee-Plaintiff's counsel again delivered a copy of the Order dated March 20, 2019 to Ms. Blumenfeld. Again, on June 19, 2019, Trustee-Plaintiff's counsel requested the Requested Documents. On June 20, 2019, Ms. Blumenfeld requested another

week. More than one (1) week later, Trustee-Plaintiff's counsel requested production of the Requested Documents and advised the Defendants' counsel that Trustee-Plaintiff's counsel required a response by July 5, 2019.

19. On the morning of July 3, 2019, Ms. Blumenfeld advised that Requested Documents had all been contained in one (1) box which had been lost in an apparent move by the Defendants in 2013. Later that day, Ms. Blumenfeld advised that the Requested Documents, except for the 2013 documents, (all of the transactions complained for had occurred in 2014), had been previously produced. Trustee-Plaintiff's counsel immediately responded denying that the Requested Documents had been produced and directing that the Requested Documents be produced by July 8, 2019 or that Defendants' counsel advice when Trustee-Plaintiff's counsel would receive the Requested Documents.

20. Later that day, on July 3, 2019, Ms. Blumenfeld advised that the Defendant was obtaining replacement counsel (its third counsel). No counsel has appeared.

21. Copies of all of the emails are attached hereto as *Exhibit G*. Despite a Court Order dated March 20, 2019 directing the production of the Requested Documents within 30 days, it is now July 2019 and Defendants have willfully failed to produce these documents and has gone to the extraordinary lengths of replacing its counsel to further its obstructionism.

22. The Trustee-Plaintiff has attempted, in good faith, to resolve the issues raised in this Application with the Defendants but has not been able come to terms (see *Exhibit G*). Specifically, the Trustee-Plaintiff has repeatedly made requests for these documents from the Defendants repeatedly granted extensions for production, but Defendants' refused to respond or arrive at some type of resolution.

23. The Trustee-Plaintiff believes that it is entitled to sanctions and the Trustee-Plaintiff believes that the sanctions should be assessed against the Defendants by an Order "striking pleadings, in whole or in part" or "rendering a default judgment against the disobedient party" under Federal Rule 37(b) of the Federal Rules made applicable in bankruptcy adversary proceedings by Federal Bankruptcy Rule 7037. While this sanction may be "harsh", the need to apply these sanctions in appropriate situations has been acknowledge by the Second Circuit. See *Daval Steel Prods. v. M/V Fakredine*, 951, F.2d 1357, 1365 (2d Cir. 1991); *Sieck v. Russo*, 869 F.2d 131, 134 (2d. Cir. 1989 ("Were we to adopt a position that overly inhibits the imposition of the harsher sanctions authorized by Rule 37, we would turn the rule into a 'paper tiger'".

24. Alternatively, in the event that the Defendant refuses or fails to provide the specific information described above, the Trustee respectfully requests that this Court determine and declare that the Trustee-Plaintiff has met his *prima facia* case and shifted the burden of coming forward to these matters to the Defendant. See *Pereira v. Bali Jewelry, Ltd.* 193, B.R. 389, 397 N. 18 (Bankr. E.D.N.Y. 1996). ("Fed.R.Evid. 803(7) provides that under certain circumstances evidence that is not entered into business records may be admissible to prove the non-existence of that matter".) Here the existence of proof showing insufficiency of consideration for a significant number of the transfers and the lack of the Debtor's records to establish the value of the Debtor's merchandise that was transferred and the lack of the Defendants' records to establish the resale values of this merchandise should likewise shift the burden of going forward to the Defendants. A Trustee should not be placed in the position of being confronted by fraudulent activity conducted on the part of the Debtor and his cronies in connection with their nefarious business dealings. These are records that are normally required of every operating entity. The records reflect that within the space of less than one (1) year the

Defendants engaged in at least 15 transactions purchasing the Debtor's merchandise in sums of at least $1.5 million dollars and had total transactions amounting to $60,000,000 per year, allegedly while never having met the Debtor, and never having engaged in any transactions previously. The records requested consisting of a general ledger, purchases and sales journals, books and records which are universally maintained in the business world. These records are deliberately being concealed.

**WHEREFORE**, the Debtor respectfully requests that the Court enter the annexed Order assessing sanctions against the Defendants for willfully failing to comply with the Order of this Court dated March 20, 2019 to permit discovery and alternatively granting judgment on the pleadings or determining that the Trustee-Plaintiff has met his prima facia case that the transfers alleged in the Complaint which were made to the Defendants are not supported fair consideration as required under §§ 544 and 548 of the Bankruptcy Code and further relief as is just and proper.

Dated: New York, New York
       July 23, 2019

                              Yours, etc.

                              /s/ *Leo Fox*
                              Leo Fox, Esq.
                              Attorney for Chapter 7 Trustee
                              630 Third Avenue – 18th Floor
                              New York, New York 10017
                              (212) 867-9595
                              leo@leofoxlaw.com